**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | | |
|---|---|---|
| DAVID MURRAY, | ) | Case No. CV 21-02513-PSG (AS) |
| Petitioner, | ) ) | **ORDER OF DISMISSAL** |
| v. | ) ) | |
| KOENIG, | ) ) | |
| Respondent. | ) ) | |

**BACKGROUND**

On March 22, 2021, David Murray ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Dkt. No. 1). Petitioner challenges his 2008 convictions for oral copulation by force, rape by force, second degree robbery, and sodomy by rape, in Los Angeles County Superior

Court (Case No. BA267040).[1]

Petitioner alleges the following claims for federal habeas relief: (1) The trial court failed to follow state law regarding Petitioner's "offer of proof to impeach a witness" and "ignored [the] the prosecutor's and defense counsel's attempts to uncover relevant facts to impeach a second witness," in violation of Petitioner's right to due process, Petitioner's Sixth Amendment right to confront witnesses, and Petitioner's Fourteenth Amendment right to equal protection; and (2) The California Court of Appeal "unreasonably assumed non-record facts to deny relief in its Opinion," in violation of Petitioner's federal constitutional rights to due process and equal protection. (See Petition at 5-6, Memorandum at 1-9).

On February 7, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, challenging the same convictions. See David Murray v. Leland McEwen, Case No. CV 12-01022-PSG (AS); Dkt. Nos. 1, 19 ("the prior habeas action"). On April 15, 2014, the district court issued an Order and Judgment denying that habeas petition with prejudice, in accordance with the findings, conclusions and recommendations of the Magistrate Judge, and denied a certificate

---

[1] The Court takes judicial notice of Petitioner's previous federal habeas case -- David Murray v. Leland McEwen, Case No. CV 12-01022-PSG (AS). Petitioner was convicted of seven counts of oral copulation by force, five counts of rape by force, three counts of second degree robbery and four counts of sodomy by force. Id., Dkt. Nos. 47, 56.

2

of appealability. (Id.; Dkt. Nos. 56-58). On December 15, 2016, the Ninth Circuit Court of Appeals affirmed the district court's denial of that habeas petition. (Id.; Dkt. No. 69).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court

```
        of appeals for an order authorizing the district court
        to consider the application.

            (B) A motion in the court of appeals for an order
        authorizing the district court to consider a second or
        successive application shall be determined by a three-
        judge panel of the court of appeals.

            (C) The court of appeals may authorize the filing
        of a second or successive application only if it
        determines that the application makes a prima facie
        showing that the application satisfies the requirements
        of this subsection.

            (D) The court of appeals shall grant or deny the
        authorization to file a second or successive application
        not later than 30 days after the filing of the motion.

            (E) The grant or denial of an authorization by a
        court of appeals to file a second or successive
        application shall not be appealable and shall not be the
        subject of a Petition for Rehearing or for a Writ of
        Certiorari.

            (4) A district court shall dismiss any claim
        presented in a second or successive application that the
        court of appeals has authorized to be filed unless the
        applicant shows that the claim satisfies the
        requirements of this section.  28 U.S.C. § 2244.
```

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657 (1996).

The instant Petition, filed on March 22, 2021, and the prior habeas action challenge Petitioner's custody pursuant to the same 2008 judgment entered by the Los Angeles County Superior Court. Accordingly, the instant Petition is a second or successive habeas petition for purposes of 28 U.S.C. § 2244. Therefore, Petitioner

was required to obtain authorization from the Court of Appeals before filing the present Petition. See 28 U.S.C. §2244(b)(3)(A). No such authorization has been obtained in this case.

Moreover, the claims asserted in the instant Petition do not appear to fall within the exceptions to the bar on second or successive petitions because the asserted claims are not based on newly discovered facts or a "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Tyler v. Cain, 533 U.S. 656, 662 (2001). However, this determination must be made by the United States Court of Appeals upon a petitioner's motion for an order authorizing the district court to consider his second or successive petition. 28 U.S.C. § 2244(b); see also Burton v. Stewart, 549 U.S. 147, 157 (2007)(where the petitioner did not receive authorization from the Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000)("[T]he prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced.").

Because Petitioner has not obtained authorization from the Ninth Circuit Court of Appeals, this Court cannot entertain the present Petition. See Burton, 549 U.S. at 157.

**ORDER**

Accordingly, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: <u>March 25, 2021</u>

_____
PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE